Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Lara A. Petersen, SBN 318475
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 438
Los Angeles, California 90067
Phone:        310.276.6664
Facsimile:    310.305.1550
omid@omnilg.com
ariana@omnilg.com
lara@omnilg.com

Attorneys for Plaintiff
LALTITUDE LLC

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALTITUDE LLC, a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> SOYEEGLOBAL, a Chinese business entity of form unknown; and DOES 1-10, inclusive, <br><br> Defendant. | Case No.: 2:22-cv-198-RSWL(RAOx) <br><br> **PLAINTIFF'S RESPONSE TO AUGUST 23, 2022 ORDER TO SHOW CAUSE** |

1

Plaintiff Laltitude LLC ("Plaintiff") hereby respectfully submits this Response to the Court's August 23, 2022 Order to Show Cause why the case should not be dismissed for lack of prosecution. *See* Dkt. 15. Plaintiff responds as follows:

## I.   FACTUAL BACKGROUND

On June 17, 2019, a design patent application for a "toy brick set" was filed with the USPTO. On August 31, 2021, the Patent was duly and lawfully issued by the USPTO as D929,505. *See* Dkt. 1, ¶ 12. On October 13, 2020, Plaintiff's Registration, titled "Action Figure People," was duly and lawfully registered with the CO as U.S. Copyright Registration No. VAu001413272. *See id.,* ¶ 14.

Plaintiff learned that defendant SoyeeGlobal, doing business as Soyee ("Soyee") was offering for sale, and presumably selling, infringing action figures and magnetic brick titles on Amazon.com and their website, https://soyeeglobal.com/, that substantially similar, if not identical, to the action figure people and magnetic brick designs protected by Plaintiff's Copyright and Patent. *See id.,* ¶ 2.

To address Defendant's infringement, Plaintiff sent a letter via Federal Express and electronic mail to Defendant (in China and at support@soyeeglobal.com) demanding to cease and desist from further infringement. *Id.*, ¶ 25, Ex. F. On or around December 8, 2021, Defendant responded via email from the address support@soyeeglobal.com informing Plaintiff that it "immediately removed this product and related pictures, and at the same time removed the objects with similar products and destroyed them." *Id.,* Ex. G.

However, Defendant's infringement persisted, leaving Plaintiff with no alternative but to seek a formal resolution by filing the present action for: (1) copyright infringement (2) design patent infringement (3) unfair competition. *Id., passim.* Shortly after filing its complaint, on or around January 18, 2022, Plaintiff's counsel first initiated efforts to serve Defendant, who is a Chinese business entity. *See* Declaration of Omid E. Khalifeh ("Khalifeh Decl."), ¶ 3. Ultimately, Plaintiff's

counsel engaged Judicial Process & Support, Inc. ("JPS"), a litigation support company specializing in international process serving, to effectuate service on Defendants pursuant to the Hague Convention. *Id.*

On April 21, 2022, JPS provided Plaintiff's counsel with access to an online portal, in which all relevant documents and updates could be found. *Id.*, ¶ 4. On April 26, 2022, JPS informed Plaintiff's counsel that the service documents were "received in China on 04/26/2022" and to "allow 3-6 months for service." *Id.*, ¶ 5. Further, JPS informed of its intention that "[i]f by 07/30/2022 we or you have not received the affidavit, we will begin sending the Status Request Letters. The 2[nd] and 3rd Status Request Letters will be sent on 08/30/2022 and 09/30/2022." *Id.*

During the entire process of attempting service of Defendants, Plaintiff's counsel has diligently followed up with JPS in order to remain apprised of the status of its request. *Id.*, ¶ 6. Plaintiff's counsel has checked JPS' online database regularly. *Id.* Additionally, Plaintiff's counsel has sent emails to JPS inquiring into the status of service. *Id.* It is unknown whether service has been effectuated or attempted, or if not, any projected timeline for the same.

Because Plaintiff desires an expeditious resolution of this matter, Plaintiff now desires to utilize "other means" to provide notice of this litigation to Defendant. *See* Fed. R. Civ. P. 4(f)(3). In particular, Plaintiff desires to attempt service on Defendant via electronic mail to support@soyeeglobal.com, an address through which Defendant is known to correspond. *See* Khalifeh Decl., ¶¶ 8-9; *see also* Dkt. 1, ¶ 25, Ex. G.

## II.    PLAINTIFF HAS BEEN DILIGENTLY AWAITING SUCCESSFUL SERVICE OF DEFENDANT UNDER THE HAGUE CONVENTION FOR MORE THAN SIX MONTHS

Hague Convention does not, by its terms, address electronic means of service of process but Article 10 does permit other forms of service, such as service by "postal channels." *See* Convention on Service Abroad of Judicial and Extrajudicial

1    Documents in Civil and Commercial Matters art. 10, Nov. 15, 1965, T.I.A.S. No.

2    66338, 20 U.S.T. 361. While the Ninth Circuit has yet to decide whether an objection

3    to Article 10 prohibits email service, numerous district courts have determined that

4    email service to a Chinese defendant does not contravene the Hague Convention.

5    *See Likas v. Chinacache Int'l Holdings, Ltd.*, 2020 U.S. Dist. LEXIS 90923 (C.D.

6    Cal. 2020); *Microsoft Corp. v. Goldah.com Network Tech. Co., Ltd.*, 2017 WL

7    4536417, *4 (N.D. Cal. 2017); *Secs. And Exch. Comm'n v. China Sky One Med.,*

8    *Inc.*, 2013 WL 12314508, *2 (C.D. Cal. 2013). Thus, Plaintiff should similarly be

9    permitted to effectuate service on Defendant via email to support@soyeeglobal.com,

10   which is the sole email address provided on Defendant's website and through which

11   Defendant previously corresponded with Plaintiff's counsel. *See* Khalifeh Decl., ¶¶

12   8-9; *see also* Dkt. 1, ¶ 25, Ex. G.

13        Moreover, the Ninth Circuit has explicitly provided that Fed. R. Civ. P. 4(f)

14   should *not* be construed to create a hierarchy of preferred methods of service so as

15   to require a party to attempt service by those methods specified in 4(f)(1) and 4(f)(2),

16   prior to petitioning the Court for alternative relief under 4(f)(3). *See Rio Props. v.*

17   *Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[b]y all indications, court-

18   directed service under Rule 4(f)(3) is as favored as service available under Rule

19   4(f)(1) or Rule 4(f)(2)"). A plaintiff need not exhaust all other methods of service

20   prior to requesting authorization for an alternative method of service under Rule

21   4(f)(3). *Id.* ("[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor

22   'extraordinary relief.' It is merely one means among several which enables service

23   of process on an international defendant.") It is within the sound discretion of the

24   district court to determine whether the particularities of a given case require

25   alternative service of process under Rule 4(f)(3). *See id.* at 1016.

26        Of course, the method of service of process crafted by a district court must

27   comport with the requirements of due process. To satisfy this requirement, the

     method of service must be "reasonably calculated, under all circumstances, to

1    apprise interested parties of the pendency of the action and afford them an

2    opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust*

3    *Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950). Moreover, "the

4    Constitution does not require any particular means of service of process," thereby

5    permitting federal courts to order service of process utilizing technological

6    advances, such as electronic mail. *See Rio Props.*, 284 F. 3d at 1017; *see also Toyo*

7    *Tire & Rubber Co., Ltd. v. CIA Wheel Grp.*, 2016 U.S. Dist. LEXIS 43128 (C.D.

8    Cal. 2016) (finding that "the Hague Convention does not expressly prohibit service

9    by email"). Here, service via email is not only "reasonably calculated" but is almost

10   certain to apprise Defendant of this action. Indeed, Defendants previously responded

11   to an email sent by Plaintiff's counsel to the address proposed for service. *See*

12   Khalifeh Decl., ¶¶ 8-9; *see also* Dkt. 1, ¶ 25, Ex. G.

13       In *Rio Props.*, the Ninth Circuit held that alternative methods of service of

14   process, including via electronic mail, are constitutionally acceptable. 284 F.3d at

15   1017. In that case, the district court ordered service of process on the infringing party

16   via that party's Los Angeles attorney (who had previously called the plaintiff

17   inquiring about the lawsuit but refused to accept service), international courier (who

18   also was unable to accept service), and electronic mail. *Id.* at 1013. Here, Plaintiff

19   possesses an email address through which Defendant has previously communicated

20   with Plaintiff. *See* Khalifeh Decl., ¶¶ 8-9; *see also* Dkt. 1, ¶ 25, Ex. G. Thus, it is

21   Plaintiff's position that electronic mail is the most feasible method by which to

22   effectuate service of process on Defendant. *See Rio Props.*, 284 F. 3d at 1017 (noting

23   that not only is service of process by email reasonably calculated to apprise the

24   defendant of the pendency of the action but it was also the method most likely to

25   reach defendant).

26   **III.   CONCLUSION**

27       Plaintiff respectfully submits this Response to the Court's August 23, 2022

     extension of the Order to Show Cause why the case should not be dismissed for lack

1   of prosecution, hereby detailing the persistent efforts by Plaintiff to effectuate

2   service on Defendant via Federal Rules of Civil Procedure 4(f)(1) and (f)(3). As

3   such, Plaintiff respectfully requests that the Court permit Plaintiff to effectuate

4   service upon Defendant via electronic mail to support@soyeeglobal.com.

5   Alternatively, Plaintiff requests the Court provide guidance a to other appropriate

6   means for effectuating service on Defendant.

7

8           RESPECTFULLY SUBMITTED this 26th day of October, 2022.

9

10                              **OMNI LEGAL GROUP**

11

12                              /s/ Omid E. Khalifeh
13                              Omid E. Khalifeh
                                Ariana Santoro
14                              Lara A. Petersen
                                Attorneys for Plaintiff,
15                              LALTITUDE LLC

16

17

18

19

20

21

22

23

24

25

26

27