Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Louise Jillian Paris SBN 3478014
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 438
Los Angeles, California 90067
Phone:      310.276.6664
Facsimile:   310.305.1550
omid@omnilg.com
ariana@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff,
LALTITUDE LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALTITUDE LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SOYEEGLOBAL, a Chinese business entity of form unknown; and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 2:22-cv-00198-PSG (RAOx)<br><br>**JUDGMENT** |

1

# JUDGMENT

This cause having come before this Court on the motion of Plaintiff Laltitude LLC ("Laltitude" or "Plaintiff") for default judgment and permanent injunction against SoyeeGlobal ("SoyeeGlobal" or "Defendant");

AND, the Court having read and considered the pleadings, declarations, and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiff's Motion;

AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the Defendant liable for Copyright Infringement, Design Patent Infringement, and Unfair Competition based upon Plaintiff's meritorious claims set forth in their Complaint. *Dkt. 1*. Specifically, the court finds that Defendant willfully infringes upon U.S. Copyright Registration No. VAu001413272 (the "Copyright"), and U.S. Patent No. D929,505 (the "Patent").

Defendant's manufacture, sale, offering for sale, and/or import of the infringing product was engaged in willfully and intentionally, without leave or license from Plaintiff, in violation of Plaintiff's rights in and to Plaintiff's properties. Moreover, Defendant has engaged in unfair business practices by maliciously disrupting Plaintiff's business through the manufacture, sale, offering for sale, and/or import of the infringing product.

The liability of the Defendant in the above-referenced action for acts in violation of Plaintiff's rights is knowing and willful, and as such the Court expressly finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein.

Therefore, based on the foregoing facts, and GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Judgment shall be and is hereby entered within the action as follows:

1)   This Court has jurisdiction over the parties to this action and over the subject matter hereof. Service of process was properly made on the

Defendant.

2) Defendant has manufactured, offered for sale, sold, and/or imported products which infringe upon U.S. Copyright Registration No. VAu001413272.

3) Defendant has willfully and deliberately infringed upon U.S. Copyright Registration No. VAu001413272.

4) Defendant has manufactured, offered for sale, sold, and/or imported products which infringe upon U.S. Patent No. D929,505.

5) Defendant has willfully and deliberately infringed upon U.S. Patent No. D929,505.

6) Defendant has engaged in unfair business practices, in violation of Cal. Bus. & Prof. Code § 17200.

7) Defendant and its agents, servants, employees, and all persons in active concert and participation with it, who receive actual notice of the injunction, are hereby RESTRAINED AND ENJOINED from engaging in the manufacture, use, offer for sale, or sale within the United States, or importation into the United States of products that infringe Plaintiff's design patent D929,505 and copyright titled "Action Figure People", Registration No. VAu001413272 or any product that is merely a colorable variation thereof.

8) Defendant is required to deliver all material in Defendant's possession, custody, or control, that includes or incorporates products that infringe Plaintiff's Copyright and Patent rights.

9) Plaintiff's request for monetary damages is GRANTED. The Court orders Defendant to pay a lump-sum amount of $542,326 in monetary damages.

10) Plaintiff's request for attorney's fees is GRANTED. The Court orders Defendant to pay attorney's fees in the lump-sum amount of $16,191.

11) This judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court

12) The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Judgment against Defendant.

13) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this judgment.

Dated: 4/16/24

Hon. Philip S. Gutierrez
United States District Court Judge