O

# United States District Court
# Central District of California

| | |
|---|---|
| LALTITUDE LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SOYEEGLOBAL et al.,<br><br>        Defendants. | Case № 2:22-cv-00198-ODW (RAOx)<br><br>**ORDER DENYING MOTION FOR CLARIFICATION [74]** |

## I.    INTRODUCTION

Before the Court in this patent and copyright infringement action is Plaintiff Laltitude LLC's motion for clarification of the Court's Order Granting in Part and Denying in Part Defendant SoyeeGlobal's motion to set aside default and default judgment. (Mot. Clarification ("Mot." or "Motion"), ECF No. 74.) The Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Having considered all papers filed in connection with the Motion, the Court **DENIES** the motion for clarification.

## II.    BACKGROUND

The parties are familiar with the factual background and the Court does not needlessly repeat it here. Rather, the Court incorporates by reference the factual background in the March 11, 2024 Order Granting Plaintiff's renewed motion for

default judgment and attorneys' fees ("Default Judgment Order"), (Order Granting Default J. 1–2, ECF No. 46), and the August 28, 2024 Order Granting in Part and Denying in Part Defendant SoyeeGlobal's motion to set aside default and default judgment ("Set Aside Order"), (Order Set Aside 1–3, ECF No. 72.)

During the relevant procedural history, this case was previously assigned to United States District Judge Philip S. Gutierrez. (Order of the Chief Judge, ECF No. 29.) On March 11, 2024, Judge Gutierrez granted Plaintiff's renewed motion for entry of default judgment and attorneys' fees. (Order Granting Default J. 16.) Specifically, he entered default judgment against Defendant on Plaintiff's claims for (1) patent infringement of Plaintiff's "Toy Brick Set" patent, (2) copyright infringement of Plaintiff's "Action Figure People" copyright; and (3) unfair competition. (*Id.* at 5–8 & n.2, 15; Order Set Aside 3 n.1.) Judge Gutierrez awarded relief in the form of a permanent injunction, monetary damages, and attorneys' fees; however, he took "issue with the amount of damages Plaintiff" sought and awarded monetary damages in an amount less than Plaintiff had requested. (Order Granting Default J. 14–15.) Judge Gutierrez ultimately awarded $542,326 in monetary damages on the copyright and patent claims combined, and $16,191 in attorneys' fees. (*Id.* at 15–16.) On April 16, 2024, he entered final judgment. (Final J., ECF No. 48.)

On July 30, 2024, Defendant moved to set aside the default and default judgment. (Mot. Set Aside, ECF No. 63.) As relevant here, Defendant argued the Court should set aside default and default judgment because Plaintiff lacked standing to sue for past infringement. (*Id.* at 11–12.) Defendant also argued the damages awarded were excessive and should be modified. (*Id.* at 20–21.) Plaintiff opposed and Defendant replied. (Opp'n Mot. Set Aside, ECF No. 65; Reply ISO Mot. Set Aside, ECF No. 69.)

On August 28, 2024, Judge Gutierrez granted in part and denied in part Defendant's motion to set aside. (Order Set Aside.) First, Judge Gutierrez granted Defendant's motion as to the patent infringement claim. (*Id.* at 3–5.) He found that

1    Plaintiff's patent assignment did not explicitly include legal title to sue for past
2    infringement and, because Plaintiff's patent infringement claim rested on past
3    infringement, Plaintiff lacked standing to bring that claim. (*Id.*) Accordingly, he
4    dismissed the patent infringement claim with prejudice. (*Id.* at 5, 11.) Second, Judge
5    Gutierrez denied Defendant's motion as to modified damages. (*Id.* at 10–11.) He
6    expressly rejected each of Defendant's damages arguments and held that, "[a]lthough
7    the patent damages will be set aside, the copyright damages will be upheld." (*Id.*
8    at 11.) Judge Gutierrez therefore denied "Defendant's motion to modify the amount
9    of damages with respect to the copyright damages: $336,379." (*Id.*)

10   On November 15, 2024, Plaintiff moved for clarification of the Set Aside Order
11   under Federal Rule of Civil Procedure ("Rule") 60(a).[1] (Mot. 4–6.) Shortly
12   thereafter, this case was reassigned to this Court. (Notice of Reassignment, ECF
13   No. 75.) The Motion is fully briefed. (Opp'n Mot., ECF No. 78; Reply ISO Mot.,
14   ECF No. 79.)

15                         **III.    LEGAL STANDARD**

16   Under Rule 60(a), a court "may correct a clerical mistake or a mistake arising
17   from oversight or omission whenever one is found in a judgment, order, or other part
18   of the record." The Rule "allows a court to clarify a judgment in order to correct a
19   failure to memorialize part of its decision, to reflect the necessary implications of the
20   original order, to ensure that the court's purpose is fully implemented, or to permit
21   enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) (internal
22   quotation marks omitted). A court may not, "under the guise of mere clarification,
23   'reflect a new and subsequent intent because it perceives its original judgment to be
24   incorrect.'" *Id.* at 1080. "Rather, the interpretation must reflect the contemporaneous

---

[1] Plaintiff also moves the Court to revise the Set Aside Order based on Rule 54(b) and "the Court's inherent authority to revise interlocutory orders before entering judgment." (Notice Mot. 2, ECF No. 74.) However, these authorities apply where the Court has not resolved all claims and entered final judgment. In this case, the Court issued final judgment on April 16, 2024. (Final J.) Thus, Rule 54(b) and the Court's inherent authority to revise interlocutory orders are inapplicable.

3

intent of the district court as evidenced by the record." *Id.* The "'touchstone' of Rule 60(a) . . . is 'fidelity to the intent behind the original judgment.'" *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (quoting *Garamendi*, 683 F.3d at 1078).

## IV. DISCUSSION

Plaintiff moves to clarify and correct the Court's Set Aside Order in two respects. (Mot. 4–5.) First, Plaintiff contends dismissal of Plaintiff's patent infringement claim should have been *without* prejudice. (*Id.*) Second, Plaintiff requests an amended judgment clarifying the amount of monetary damages awarded to Plaintiff. (*Id.*) Plaintiff also seeks a supplemental award of attorneys' fees. (*Id.* at 5, 9–11.)

### A. Patent Standing Dismissal

"As a general matter, parties should possess rights before seeking to have them vindicated in court." *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir.), *amended on reh'g in part*, 104 F.3d 1296 (Fed. Cir. 1996). Thus, the party asserting standing for patent infringement is "required to have legal title to the patents on the day it filed the complaint and that requirement can not be met retroactively." *Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1385 (Fed. Cir. 2015) (quoting *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 (Fed. Cir. 2010)). "[N]unc pro tunc assignments are not sufficient to confer retroactive standing." *Id.* at 1384 (alteration in original) (quoting *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998)). If the original plaintiff lacked legal title to the patent at the suit's inception, the suit must be dismissed, and the defect cannot be cured retroactively. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005)). "[T]he decision whether such a dismissal should be with or without prejudice is within the discretion of the district court." *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1385 (Fed. Cir. 2002). In the Ninth Circuit, "[d]istrict courts have broad discretion in deciding . . . whether to dismiss actions with

4

or without prejudice." *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011), *abrogated on other grounds by Lorenzo v. SEC*, 587 U.S. 71 (2019).

In the Set Aside Order, Judge Gutierrez found that Plaintiff's patent assignment did not convey the right to sue for past infringement and dismissed Plaintiff's patent infringement claim with prejudice. (Order Set Aside 5.) Plaintiff now argues the Court should correct the dismissal to be without prejudice because Plaintiff can cure the standing defect "by reentering an assignment from the inventor of the patent" that includes the right to sue for past infringements. (Mot. 7.)

To begin, the Set Aside Order clearly states that dismissal is "with prejudice," so there is no need to "clarify" Judge Gutierrez's intent under Rule 60(a). What Plaintiff really seeks is to alter the substantive outcome of the Set Aside Order. But "a modification to the [Order's] intended legal effect" is properly raised in a motion for reconsideration, and not in the "guise of mere clarification." *Garamendi*, 683 F.3d at 1077, 1080.

Further, reconsideration is not warranted because dismissing the patent infringement claim *with* prejudice was within Judge Gutierrez's discretion. The Federal Circuit has observed that there is no broad rule that such a dismissal must always be with or without prejudice. *See H.R. Techs.*, 275 F.3d at 1384–85 (discussing *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1485 (Fed. Cir. 1998)). Whether to dismiss with or without prejudice "is within the discretion of the district court." *Id.*; *WPP Luxembourg*, 655 F.3d at 1058. Courts may properly dismiss with prejudice for lack of patent standing where the plaintiff fails to show, or the record reflects it unlikely, that the plaintiff could cure the standing defect. *See Textile Prods.*, 134 F.3d at 1485 (affirming dismissal of patent infringement claim with prejudice where plaintiff failed to show it could cure defect); *Propat Int'l Corp. v. Rpost, Inc.*, No. 8:03-cv-1011-JVS (VBKx), 2005 WL 6233792, at *5 (C.D. Cal. Nov. 28, 2005)

("A dismissal with prejudice is appropriate where it is unlikely that the plaintiff can cure the standing problem."), *aff'd*, 473 F.3d 1187 (Fed. Cir. 2007)).

The record reflects that Defendant moved to set aside the default judgment on the grounds that Plaintiff lacked standing to sue for past infringements under the written assignment. (Mot. Set Aside 11–12.) Defendant argued the standing defect could not be cured. (*Id.*) In opposition, Plaintiff argued only that the written assignment already encompassed the right to sue for past infringements. (Opp'n Mot. Set Aside 1, 6–7 (arguing that "Laltitude has standing to bring the instant action because the Patent Assignment necessarily confers upon Laltitude the right to sue for past infringements of the D505 Patent").) Plaintiff did not suggest that any standing defect identified could be cured by a revised assignment. (*See generally* Opp'n Mot. Set Aside.) Thus, on the record before Judge Gutierrez, Plaintiff had the opportunity to show it could cure the defect and did not, such that dismissal with prejudice was appropriate. *See Textile Prods.*, 134 F.3d at 1485 ("The district court correctly dismissed the infringement claim with prejudice because [plaintiff] had its chance to show standing and failed.") And even if Plaintiff moved for reconsideration, because Plaintiff could have raised this argument before and did not, reconsideration of the substantive ruling is not warranted. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (noting that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

**B.  Copyright Damages**

Plaintiff next argues that the Set Aside Order "does not set forth the dollar amount for the damages award to which Plaintiff is entitled in view of only the copyright infringement claims." (Mot. 8.) Not so. Judge Gutierrez clearly held, "[a]lthough the patent damages will be set aside, the copyright damages will be upheld." (Order Set Aside 11.) He then denied "Defendant's motion to modify the amount of damages with respect to the copyright damages: $336,379." (*Id.*) Plaintiff

was originally awarded $542,326 on both the copyright and patent infringement claims and, in ruling on the motion to set aside, Judge Gutierrez reduced that figure to $336,379, reflecting only the copyright damages. As Judge Gutierrez clearly stated the dollar amount of the copyright infringement damages, no clarification is warranted. *See Garamendi*, 683 F.3d at 1080.

### C. Additional Relief

The parties both seek additional relief that exceeds the bounds of a Rule 60(a) motion. Rule 60(a) authorizes a court to "correct clerical errors of omission" and clarify "matters intended to be implied or subsumed by the original" order or judgment. *Garamendi*, 683 F.3d at 1077. It does not authorize "a substantive change of mind by the court. *Id.*

In its Motion, Plaintiff requests a supplemental attorneys' fee award. (Mot. 9–11.) Defendant argues (again) that the copyright damages should be reduced. (Opp'n Mot. 4–6.) Defendant also claims it is the prevailing party on the patent infringement claim and seeks attorneys' fees and costs. (*Id.* at 6–8.) These requests do not ask the Court to "correct clerical errors of omission," as authorized by Rule 60(a). *See Garamendi*, 683 F.3d at 1077. Rather, each request attempts to "alter or amend" the substance of the Set Aside Order. *Id.* This is improper and the Court rejects the parties' additional requests.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Clarification. (ECF No. 74.) The Court will issue an Amended Final Judgment consistent with the (1) Default Judgment Order, (ECF No. 46), (2) Set Aside Order, (ECF No. 72), and (3) this Order Denying Plaintiff's Motion.

**IT IS SO ORDERED.**

April 30, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**